IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | Civil Action No. 3:24CR61 (RCY) |
| ) | |
| WAYNE LAFAYETTE LEWIS, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Wayne Lafayette Lewis's Motion to Dismiss the Indictment Under the Speedy Trial Act. ECF No. 56. The Court conducted a hearing on the motion on November 4, 2024, at which time it considered argument from the Defendant and the Government. For the reasons stated from the bench and more fully set forth below, the Motion to Dismiss is denied.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This motion stems from a one-count indictment filed on April 2, 2024, charging the Defendant with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1.

The Defendant, Mr. Wayne Lafayette Lewis, first appeared in this Court for his initial appearance on April 29, 2024, during which hearing the Government moved for his detention. ECF No. 6. On May 2, 2024, the Defendant appeared for his detention hearing and his arraignment. ECF Nos. 10, 13. At the conclusion of these hearings, the Defendant was held in custody pending his trial, which was set for July 8, 2024.

On May 10, 2024, the Defendant filed his first motion, ECF No. 15, which was followed shortly by others. In fact, the Defendant had motions actively pending before the Court from that

day until a July 31, 2024, motions hearing. The specific motions, their filing dates, and their dispositions are as follows:

- Motion to Fire Counsel and Proceed *Pro Se*, ECF No. 15 — filed May 10, denied at a hearing on May 29;

- Motion to Suppress, ECF No. 17 — filed May 16, denied at a hearing on July 31;

- Motion to Dismiss Indictment, ECF No. 18 — filed May 16, denied at a hearing on June 20;

- Motion for Extension of Time to File Reply, ECF No. 25 — filed June 6, granted by order on June 6 (same day);

- Motion for Extension of Time to File Motion to Dismiss Indictment for Selective Enforcement, ECF No. 29 — filed June 10, granted by order on June 12;

- Motion to Appoint Counsel, ECF No. 32 — filed June 13, denied at a hearing on July 8;

- Motion to Withdraw as Attorney, ECF No. 31 — filed June 14, denied at a hearing on July 8;

- Motion to Withdraw Document, ECF No. 33 — filed June 17, granted at a hearing on July 8; and

- Motion to Appoint Counsel, ECF No. 49 — filed on July 8 and granted at a hearing on July 20, 2024.

At the July 31 hearing, once the last of the above motions were resolved, the Court inquired as to when the matter could be reset for trial. ECF No. 45. Then-defense counsel advised he "would not be able to adequately . . . prepare for trial if one [wa]s set before the Speedy Trial cutoff," partly because defense counsel planned to be out of town for some time between the hearing and the cutoff. Gov't's Resp. 3, ECF No. 59 (quoting ECF No. 47 ("Speedy Trial Order")). Accordingly, the Court determined that the "ends of justice" would be served by setting the trial outside of the Speedy Trial cutoff "to ensure that the Defendant receive[d] the continuity of counsel, to which he is entitled, and to ensure that counsel ha[d] adequate time to effectively

prepare for trial." *Id.* The Court then issued an order to that effect and reset the matter for a jury trial to begin on November 4, 2024. *See generally* Speedy Trial Order.

On August 8, 2024, the Defendant filed a *pro se* Motion to Appoint Counsel, ECF No. 49, alerting the Court that he was displeased with his representation and asking for a new attorney. Specifically, the Defendant stated that he "d[id] not wish to wait until [his lawyer came] back from his vacation to start trial." ECF No. 49. The Court granted the motion at the August 20, 2024, hearing, after it admonished the Defendant that appointing new counsel would likely not result in a sooner trial date, "because a new lawyer w[ould] have to have time to get up to speed." Tr. Aug. 20, 2024, Proceedings 4, ECF No. 57. Nevertheless, the Court removed the Defendant's first appointed counsel and appointed Defendant's current counsel the same day.

On October 9, 2024, the Defendant filed a Motion to Continue, asking for extended time to file pretrial motions. ECF No. 54. The Court granted the motion by order the following day. ECF No. 55. On October 17, 2024, pursuant to the Court's granted extension, the Defendant filed the instant Motion. Mot. Dismiss Indictment, ECF No. 56.

## II. LEGAL STANDARD

The Speedy Trial Act ("STA") requires courts to begin the trial of criminal defendants within seventy days of the defendant's indictment or initial appearance—whichever is later. 18 U.S.C. § 3161(c) & (h). A defendant enforces his rights under the STA by filing a motion to dismiss. *Id.* § 3162(a)(2). If the defendant can demonstrate that more than seventy days have passed, the STA requires the court to dismiss the indictment. *Id.* ("If a defendant is not brought to trial within the [seventy-day] time limit . . . as extended by the [excludable periods], the information or indictment *shall* be dismissed on motion of the defendant."); *id.* § 3161(c)(1).

3

The STA enumerates certain events that toll the STA clock. These exclusions, known as "excludable delays" or "excludable time," fall into two categories: (1) automatic exclusions and (2) ends-of-justice exclusions. *See, e.g.*, *United States v. Dixon*, 542 F. App'x 273, 276 (4th Cir. 2013). Automatic exclusions are those which toll the STA clock even absent action by the court. *See* 18 U.S.C. § 3161(h)(1). Ends-of-justice exclusions, however, only toll the STA clock when accompanied by particularized findings by the court. *Id.* § 3161(h)(7)(A).

Two STA automatic exclusions are relevant to this case. First, the STA broadly excludes "any period of delay resulting from other proceedings concerning the defendant." *Id.* § 3161(h)(1). In practice, this provision automatically excludes days during which the defendant appeared for a pretrial hearing. *See United States v. Pair*, 84 F. 4th 577, 582–83 (4th Cir. 2023). Second, the STA excludes delay for pretrial motions, automatically excluding the time lapsed "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D).

The STA differentiates between delay resulting from motions requiring hearings and those which are disposed of by order. *United States v. Parker*, 30 F.3d 542, 546 (4th Cir. 1994). If a motion requires a hearing, the Fourth Circuit excludes *each* day that passes from the filing of the motion and the termination of the motion, including the date the motion is filed, the last day of the hearing, and every day in between. *Id.*; *United States v. Henderson*, 476 U.S. 321, 329–31 (1986). This is the case notwithstanding the promptness of the hearing or disposition. *Henderson*, 476 U.S. at 326. Conversely, if a pretrial motion does not require a hearing, the STA only automatically excludes the first thirty days of the court's consideration of such a motion. *Id.* at 329–31; 18 U.S.C. § 3161(h)(1)(H).

4

Notably, under Fourth Circuit case law, periods of continuance for more time to file during which the motion is not actually pending are not automatically excluded. *United States v. Jarrell*, 147 F.3d 315, 318 (4th Cir. 1998). However, continuance periods may be excluded if the court provides a particularized finding that such a delay is supported by the ends of justice. *Id.*; *Bloate v. United States*, 559 U.S. 196, 199, 204 (2010).

As noted above, a district court may toll the clock for periods not automatically excluded by the STA if it finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in speedy trial." 18 U.S.C. § 3161(h)(7)(A). Such tolling may be done *sua sponte* or at the request of a party. *Id.* While the court must expressly state its findings on the record, it may do so orally or in writing. *Id.* Significantly, "the court is not required to make the ends-of-justice finding contemporaneous with the granting of the continuance; rather, the findings must be made no later than the time the district court rules on the defendant's motion to dismiss under the STA." *Dixon*, 542 F. App'x 273, 276–77 (4th Cir. 2013). This flexible rule allows district courts to toll time that has already passed by making particular, ends-of-justice findings on the record following a continuance. *See id.* However, this retroactive power is limited: a district court may only toll passed time if it is clear from the record that the court conducted the mandatory balancing contemporaneously (though perhaps privately) with the granting of continuance. *United States v. Henry*, 538 F.3d 300, 304 (4th Cir. 2008).

### III. ANALYSIS

This matter triggered the STA clock 209 days ago on April 30, 2024, the day after the Defendant appeared for his initial appearance. *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996) ("[T]he day of the event that triggers the STA clock, i.e., the filing or opening of the indictment or the initial appearance, is not included in the calculation; the clock begins to run the

5

following day."). In the instant motion, the Defendant contends that the proceedings in this matter have exhausted the days allowed by the STA, and he accordingly asserts that the Court must dismiss the indictment. To this end, the Defendant advances two primary arguments. First, he argues that the July 31 Speedy Trial Order was counsel-specific, such that the appointment of new counsel on August 20 negated the Order's effect. Because the Court did not make new, particularized findings upon the appointment of new counsel, the Defendant argues that the STA clock began again on August 21. Mot. Dismiss Indictment 6. Second, in his Reply, the Defendant argues that *pro se* motions do not toll the STA clock. Def.'s Reply 1, ECF No. 60. In response, the government argues that the STA clock has not run in this matter, and thirty-four days still remain.[1] Gov't's Resp. 7, ECF No. 59.

The government is correct that the STA clock has not run. However, neither party is totally correct in its analysis. While 209 days have passed since this matter triggered the STA, 202 of those days are excluded, and only seven count against the STA clock. Because the STA only mandates dismissal of an indictment when more than seventy countable days have passed, 18 U.S.C. § 3161(c)(1), the Defendant's Motion to Dismiss is denied.

**A. Automatic Exclusions**

The STA automatically tolls days on which the Defendant appeared for "other proceedings." 18 U.S.C. § 3161(h)(1); *see Pair*, 84 F.4th at 582–83. Accordingly, the following days are automatically excluded: May 2 (arraignment and detention hearing), May 29, July 22, July 31, and August 20 (motions hearings), and November 4 (hearing on the instant motion).

---

[1] Specifically, the Government posits that the following time frames do not count against the STA clock: May 2, 2024, for Defendant's Detention and Arraignment Hearings; May 10, 2024, through July 31, 2024, for the Court's consideration and ruling on ECF Nos. 15, 17, 18, 31, and 32; September 23, 2024, through November 4, 2024, pursuant to the July 31, 2024, Speedy Trial Order; October 9, 2024, through October 17, 2024, for defense counsel's Motion for Continuance (ECF No. 54); October 17, 2024, through the present, for the Court's consideration and disposition of the instant Motion.

The STA also automatically excludes delay resulting from a motion where a hearing was required, tolling the day the motion was filed, the last day of the hearing, and each day in between. 18 U.S.C. § 3161(h)(1)(D); *Parker*, 30 F.3d at 546.  Accordingly, the following periods are also automatically excluded: April 29 to May 2 for consideration of the Government's oral motion for a detention hearing, ECF Nos. 6, 10, 12; May 10 to 29 for consideration of the Defendant's Motion to Fire Counsel, ECF No. 15; May 16 to July 31 for consideration of the Defendant's Motion to Suppress, ECF No. 17; June 14 to July 8 for consideration of the Defendant's Motion to Withdraw as Attorney, ECF No. 31; June 13 to July 8 for consideration of the Defendant's Motion to Appoint Counsel, ECF No. 32; June 17 to July 8 for consideration of the Defendant's Motion to Withdraw Document, ECF No. 33; July 8 to July 20 for consideration of the Defendant's Motion to Appoint Counsel, ECF No. 49; and October 17 to November 4 for consideration of the Defendant's Motion to Dismiss, ECF No. 56.

Finally, the STA automatically excludes the first thirty days of the Court's consideration of a motion that does not require a hearing.  18 U.S.C. § 3161(h)(1)(D) & (H).  Accordingly, the following periods are excluded: May 16 to June 15, the first thirty days following the filing of the Defendant's Motion to Dismiss Indictment, ECF No. 18; July 6 for consideration and disposition of the Defendant's Extension of Time to File Reply, ECF No. 25; July 10 to 12 for consideration and disposition of the Defendant's Motion for Extension of Time to File, ECF No. 29; and October 9 to 10 for consideration of the Defendant's Motion to Continue.

The Government contends that the STA automatically excludes October 11 through October 17, presumably for the additional time granted to the Defendant for preparation of pretrial motions.  Gov't's Resp. 6; *see* ECF No. 55 (Order granting Motion to Continue).  Fourth Circuit case law, however, prevents this exclusion.  *Jarrell*, 147 F.3d at 318.  Such a continuance may

7

only be excluded upon a particularized ends-of-justice finding—not, as the Government seems to believe, automatically. *Id.* Because no such finding was made, this period is not excluded.

The Defendant additionally asserts that *pro se* motions should not toll the STA clock. The grounds for his argument, however, are unclear. The STA does not differentiate between counseled and uncounseled motions. In fact, the Fourth Circuit has expressly held that delay resulting from *pro se* motions is automatically excludable, rebuking arguments mirroring those in the instant Motion. *United States v. Smith*, 750 F.2d 1233 (4th Cir. 1984) (affirming *United States v. Smith*, 563 F. Supp. 217 (D. Md. 1983) ("[D]efendant created additional excludable time when he filed his own [*pro se*] motion to dismiss")). Therefore, this argument is unavailing.

Accordingly, the STA automatically excludes 120 of the last 209 days.

**B. Ends-of-Justice Exclusions**

Beyond the automatic exclusions, the Court excluded additional time pursuant to the STA ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), in its July 31 Speedy Trial Order. The Defendant asserts that the August 20 appointment of new counsel voided the effects of the Order, since the accompanying ends-of-justice finding was counsel-specific.[2] Speedy Trial Order 2 ("[C]ounsel for the Defendant avers that it is not feasible to set this matter for trial before September 23, 2024, the statutory Speedy Trial cutoff. For that reason, counsel for the Defendant contends that setting this matter for trial beyond the statutory cutoff would ensure that the Defendant receives the continuity of counsel to which he is entitled").

The Court cannot find any authority which requires it to reaffirm its ends-of-justice finding following the appointment of new counsel. Yet, the Defendant's argument is persuasive. If the

---

[2] The Defendant additionally asserts that the Court should not have considered his counsel's vacation when granting the initial continuance to November 4. However, he wholly fails to support this contention with case law or statutory language. Therefore, the Court rejects this argument as unpersuasive.

STA only allows a court to exclude time based on a particularized finding, it follows that, if the grounds underlying the finding cease to exist, the exclusion should also come to an early end. Nevertheless, as explained below, the Court cured any such deficiency by making supplemental findings at the November 4 hearing.

The Court is "only required to state its findings on the record by the time it rules on the defendant's motion to dismiss; however, it must be 'clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.'" *Henry,* 538 F.3d at 304 (quoting *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994)).

Here, the Court's August 20 admonition to the Defendant that a new attorney would need time to review and develop the case demonstrates that the Court contemplated STA factors when it maintained the November 4 trial date following the appointment of new counsel, even if it did not do so explicitly. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (permitting courts to exclude time where the "failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation"). Further, at the November 4 hearing on the instant Motion, the Court expressly found that, at the time that the Defendant's current counsel was appointed on August 20, the "ends of justice served by [maintaining the November 4 trial date] outweighed the best interest of the public and the Defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Specifically, such a delay was necessary for the Defendant's new counsel to effectively prepare a defense. *Id.* § 3161(h)(7)(B)(iv). In making this finding, the Court cured any alleged deficiency in the July 31 Order and tolled August 20 to November 4 as an ends-of-justice exclusion.

As a result, by the conclusion of the November 4 hearing, the Court had tolled an additional ninety-six days as ends-of-justice exclusions. The Court has now also issued an order tolling

November 4 to the date of the Defendant's jury trial, February 18, 2025. ECF No. 63. Thus, none of the approaching days will count against the STA clock.

## IV. CONCLUSION

209 have passed since the Defendant's initial appearance. Yet, the STA, between its automatic exclusions and the Court's additional ends-of-justice findings, excludes 202 of those days. Therefore, the seventy-day clock is not exhausted, and the Defendant's Motion to Dismiss is denied.

                                                    /s/
                                     Roderick C. Young
                                     United States District Judge

Date: November 25, 2024
Richmond, Virginia